UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NOEL M. W.,[1]

                      Plaintiff,              **DECISION AND ORDER**

v.                                                   1:20-CV-1921-JJM

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

        Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [9, 10].[2] The parties have consented to my jurisdiction [13]. Having reviewed the parties' submissions [9, 10, 11], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

        The parties' familiarity with the 2,555-page administrative record [6, 7, 8] is presumed. On October 5, 2017, plaintiff filed an application for Supplemental Security Income, alleging a disability onset date of August 1, 2014. Administrative Record [6] at 10, 122, 134. Plaintiff complained of chronic back pain, bipolar disorder, post-traumatic stress disorder,

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

anxiety, depression, and borderline personality disorder. Id. at 231. Plaintiff's claim was initially denied. Id. at 132, 135.

Administrative Law Judge ("ALJ") Susan Smith conducted a video hearing on December 9, 2019. Id. at 99-120. Plaintiff was represented by an attorney. Id. at 101.

A.      The Medical Opinion Evidence

The record contains the following medical opinions:

-     A January 17, 2018 psychiatric evaluation by consultative examiner Todd Deneen, Psy.D. Id. at 549-53. Dr. Deneen states that he examined plaintiff and observed her to exhibit largely normal appearance, speech, thought processes, affect, mood, sensorium, orientation, attention/concentration, memory skills, cognitive functioning, insight and judgment. Id.  He opined that plaintiff had no limitations in understanding, remembering, and applying directions; interacting with others; sustaining pace and routine; and maintaining appropriate workplace hygiene, appearance, and safety. Id. at 552. He opined that she would have mild limitations in using reason and judgment, and that she would have moderate limitations in regulating emotions, controlling behavior, and maintaining well-being. Id. Dr. Deneen diagnosed plaintiff with moderate depression, panic disorder and stimulant use disorder. Id. His prognosis for the assessed conditions was "fair". Id. at 553.

-     A January 17, 2018 internal medical examination by consultative examiner Alan Chu, D.O. Id. at 554-59. Dr. Chu noted plaintiff's complaints of low back pain and that she was taking several medications. Id. at 555-56. On physical exam, plaintiff demonstrated a squat halfway down due to back pain; lumbar spine flexion 65 degrees, extension 0 degrees; lateral flexion 15 degrees bilaterally; rotary movement 20 degrees bilaterally; hip flexion and extension

80 degrees bilaterally; and all other musculoskeletal findings normal. Id. at 557. Dr. Chu assessed plaintiff with a mild restriction for prolonged standing and walking and a moderate restriction for squatting, bending, "heavy lifting", and carrying. Id. at 558.

- A January 26, 2018 psychiatric review technique by psychological consultant M. Marks, Ph.D. Id. at 125-26, 129-31. Dr. Marks' assessment reflected medically determinable impairments under the categories of depressive, bipolar and related disorders, as well as anxiety and obsessive-compulsive disorders. Id. at 125. Dr. Marks opined that plaintiff would have no limitations understanding, remembering or applying information; mild limitations in interacting with others, concentrating, persisting, or maintaining pace; and moderate limitations in adapting or managing herself. Id. at 126, 129-31.

- A February 6, 2018 physical residual functional capacity assessment by J. Koenig, M.D. Id. at 128-29. Dr. Koenig reviewed plaintiff's records and opined that she could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, sit, and could stand or walk (with normal breaks) for six hours in an eight-hour workday; but she would have no other limitations. Id.

ALJ Smith found Dr. Chu and Dr. Koenig's physical assessments to be consistent with the record and persuasive. Id. at 18. She further found that, because plaintiff went on to undergo spinal surgery in October 2018, her condition at the time was likely slightly more limited than reflected by those opinions. Id. At the same time, however, she noted that plaintiff sought little to no treatment for her lower back after the surgery. Id. In all, ALJ Smith concluded the assessments were consistent with mild-to-moderation limitations in exertion with "greater limitation" with respect to postural abilities. Id.

ALJ Smith similarly found the mental assessments of Dr. Marks and Dr. Deneen - *i.e.*, that she would have mild limitations in most areas, except for moderate limitations in behavior, well-being, and emotional regulation - to be consistent with the record and persuasive. Id.

### B.     The ALJ's Decision

On January 31, 2020, ALJ Smith issued a decision denying plaintiff's claim. Id. at 10-20.  She found that plaintiff had the following severe impairments: degenerative disc disease of lumbar spine, mood disorder, post-traumatic stress disorder, and borderline personality disorder. Id. at 12. She assessed plaintiff with a "mild" limitation in interacting with others; a "moderate" limitation in concentrating, persisting, or maintaining pace; and a "marked" limitation in adapting and managing herself. Id. at 13.

ALJ Smith determined that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined by the applicable regulations,[3] except that she could occasionally stoop, kneel, balance, crouch, and crawl; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and she must avoid concentrated exposure to dangerous moving machinery, uneven terrain, and unprotected heights. Id. at 14-15. She further found plaintiff was able to perform "simple, routine, and repetitive" tasks. Id. at 15.

---

[3]     Light work is defined to "involve[] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds". 20 C.F.R. §§404.1567(b), 416.967(b). Such work can "require[] a good deal of walking or standing, or . . . involve[] sitting most of the time with some pushing and pulling of arm or leg controls". Id. "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling 83-10, 1983 WL 31251.

ALJ Smith found that, consistent with this RFC and the vocational expert's hearing testimony, plaintiff was unable to perform any past relevant work, but that she could perform other jobs that exist in sufficient numbers in the national economy. Id. at 18-20. She accordingly found plaintiff "not disabled". Id. at 20.

## ANALYSIS

**A.     Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022) ("[a]lthough . . . the evidentiary threshold for the substantial evidence standard 'is not high,' . . . the substantial evidence standard is also not merely hortatory: It requires relevant evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations").

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

B.    **ALJ Smith's RFC Determination Was Supported by Substantial Evidence.**

Plaintiff argues that ALJ Smith's RFC determination is not supported by substantial evidence and that her analysis frustrates meaningful review. Plaintiff's Brief [9-1] at 2, 15-28.  Specifically, plaintiff argues that ALJ Smith: (1) did not evaluate the supportability and consistency of certain medical opinions (id. at 17-18); (2) was internally inconsistent (id. at 19); (3) relied on stale opinion evidence (id. at 21-22); and (4) failed to account for certain limitations suggested by the record including "episodic" symptoms. Id. at 19-21, 23-28.  For the reasons discussed below, I do not agree.

1.    **Evaluation of the Medical Opinions**

The regulations applicable to plaintiff's claim "do not require the ALJ to give specific weight to any particular medical opinion"; however, "they require that the ALJ articulate how he considered the medical opinions and how persuasive he finds the opinion". Jacqueline L. v. Commissioner of Social Security, 515 F. Supp. 3d 2, 8 (W.D.N.Y. 2021); see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The regulations list five factors that an ALJ must consider in evaluating a medical opinion (§§ 404.1520c(c), 416.920c(c)), and require the ALJ to articulate her consideration of the two factors deemed most important: "supportability" and "consistency". §§ 404.1520c(b)(2), 416.920c(b)(2).  The failure to articulate such factors is procedural error. Loucks v. Kijakazi, 2022 WL 2189293, *2 (2d. Cir. 2022).  As such, affirmance is still proper "where the ALJ's consideration of the relevant factors can be gleaned from [her] decision as a whole". John L. M. v. Kijakazi, 2022 WL 3500187, *2 (N.D.N.Y. 2022); see Ricky L. v. Commissioner of Social Security, 2022 WL 2306965, *4 (W.D.N.Y. 2022).

Plaintiff specifically questions ALJ Smith's treatment of two opinions, those of disability consultant Dr. Marks and consultative examiner Dr. Deneen. Plaintiff's Brief [9-1] at 18. In her decision, ALJ Smith discusses these two mental health experts' opinions together, and, in so doing, she explicitly considers the consistency of those opinions with the record. ALJ's Decision [6] at 18 (finding those opinions "consistent with the medical evidence" specifically "claimants' generally normal mental status examinations . . . history of substance abuse, impulse control, and occasional mood swings"). ALJ Smith also separately discusses Dr. Deneen's opinion, and, in that section, discusses the observations and findings that supported Dr. Deneen's conclusions. See id. at 17.

That leaves only the supportability factor as to Dr. Marks' opinion, which ALJ Smith's decision does not explicitly address. I nonetheless conclude that error is harmless, as the record allows me to understand her rationale. See Cichocki v. Astrue, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (an ALJ "need not recite every piece of evidence that contributed to [her] decision, so long as the record 'permits us to glean the rationale'"); Michael H. v. Commissioner of Social Security, 2022 WL 768658, *11 (W.D.N.Y. 2022) (applying this principle to supportability analysis).

Dr. Marks performed a non-examination records review, which means that his opinion was supported by the same medical evidence reviewed in detail by ALJ Smith in her decision before finding his opinion consistent with that evidence. Moreover, Dr. Marks' opinion is largely consistent with, and indeed partially based on, the results of Dr. Deenen's examination (see [6] at 126) whose opinion ALJ Smith discussed in full. Thus, the supportability of Dr. Marks' opinion is sufficiently discernible such that remand on that issue is unwarranted. See Michael H., 2022 WL 768658 at *11 (finding remand unwarranted where "the ALJ's RFC

finding [wa]s largely consistent with [the psychologists'] opinions[,] . . . the ALJ explained why he found th[o]se opinions persuasive[, and the ALJ] discussed the relevant evidence throughout the decision and clearly explained that the opinions were consistent with the evidence of record, much of which the psychologists considered and reviewed in rendering their opinions").

### 2. Internal Consistency Between Steps Three and Four

At step three, ALJ Smith assessed plaintiff with a "marked" limitation with respect to her ability to adapt or manage herself due to her issues with impulse control and "fair" judgment. [6] at 13. Plaintiff argues that this assessment is inconsistent with ALJ Smith's crediting of Dr. Marks and Dr. Deneen's opinions assessing plaintiff with only "moderate" limitations in behavior, well-being, and emotional regulation. Plaintiff's Brief [9-1] at 19; see [6] at 18. More importantly, she argues that this assessment is inconsistent with ALJ Smith's RFC determination at step four, which did not include limitations such as allowances for time off-task or missed work. [9-1] at 19.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). An RFC finding "need only afford an adequate basis for meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous." McIntyre v. Colvin, 758 F.3d 146, 150 (2d Cir. 2014) (internal quotation marks and brackets omitted). "Remand may be appropriate, however, where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Cichocki, 729 F.3d at 177.

No such inadequacy exists here. ALJ Smith plainly gave great weight to Dr. Marks and Dr. Deneen's opinions, which assessed plaintiff with no more than mild-to-moderate mental limitations. [6] at 18. This constituted substantial evidence in support of her RFC determination limiting plaintiff to "simple, routine, and repetitive tasks". [6] at 14-15; s*ee*, *e.g.*, McIntyre, 758 F.3d at 151-52 (limitation to "simple, routine, low stress tasks" accounted for moderate limitations in maintaining "concentration, persistence, and pace"); Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010); Sarah R. v. Kijakazi, 2022 WL 2704528, at *4 (W.D.N.Y. 2022) (where "plaintiff had moderate limitations in the functional areas of interacting with others, and adapting and managing herself, the ALJ included RFC limitations restricting plaintiff to [among other things] simple, routine, and repetitive tasks"); Herb v. Commissioner of Social Security, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019) ("an RFC limiting a plaintiff to occasional interaction with co-workers and the public, and to the performance of simple, routine tasks, may account for the plaintiff's stress-related limitations"); Cowley v. Berryhill, 312 F.Supp.3d 381, 384 (W.D.N.Y. 2018) (limiting plaintiff to "simple, unskilled tasks with no more than occasional changes in the work setting and without an hourly, machine-driven assembly line production rate" accounted for moderate limitation with respect to stress); Moxham v. Commissioner, 2018 WL 1175210, *9 (N.D.N.Y. 2018) (plaintiff "fail[ed] to illustrate" how RFC limitation to "simple tasks, simple instructions, frequent interaction with supervisors, coworkers, and the public, and decisions on simple work-related matters" "do not adequately account" for moderate-to-marked limitations in dealing with stress).

Additionally, ALJ Smith notes in her decision at step three that those findings "are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process", and that "[t]he mental

residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of the areas of mental functioning". [6] at 14. By this statement, ALJ Smith warns that there may be some variance between her step three and step four findings that any such variance should not be considered an inconsistency.

For her part, plaintiff produced no functional assessment in support of her claims. [6] at 15. "Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ." Beaman v. Commissioner of Social Security, 2020 WL 473618, *6 (W.D.N.Y. 2020); see also Barry v. Colvin, 606 F. App'x 621, 622 (2d Cir. 2015) (Summary Order) ("[a] lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits"). Here, there was no medical evidence demonstrating any specific functional limitations greater than those incorporated into her RFC determination. Therefore, there is no basis for remand.

3. **"Staleness" of the Opinion Evidence**

Plaintiff argues that ALJ Smith improperly relied on stale opinion evidence regarding her physical limitations, as both Dr. Chu and Dr. Koenig conducted their evaluations several months prior to plaintiff's lumbar surgery in October 2018. [9-1] at 21-22.

"A medical opinion may be stale if it is remote in time and does not account for a claimant's deteriorating condition." McGrady v. Saul, 2020 WL 2538483, *3 (W.D.N.Y. 2020). The medical opinions at issue were issued in January and February of 2018 ([6] at 18), which falls well within the relevant period under review. Under normal circumstances, such opinions

would be presumably relevant, not stale. See Andrews v. Berryhill, 2018 WL 2088064, *3 (W.D.N.Y. 2018).

"For a medical opinion to be stale, not only must there be a significant period of time between the date of the opinion and the hearing date, there also must be subsequent treatment notes 'indicat[ing] a claimant's condition has deteriorated' over that period." Vazquez v. Saul, 2019 WL 3859031, *3 (W.D.N.Y. 2019). Here, however, the evidence reflects that plaintiff sought little or no treatment subsequent to surgery, and those limited records actually indicate a modest improvement in her symptoms. See [6] at 625. Plaintiff points to her hearing testimony, in which she complains of post-surgery difficulty ambulating as well as sitting or standing for periods of time. See id. at 104-08. However, those difficulties related to her leg "giving out" (see id.) - a condition neither claimed by plaintiff nor explored by the medical evidence. Plaintiff testified that her leg condition was related to pinched nerves in her back (see id. at 104), but such a connection does not appear to be borne out by any medical evidence of record. In any event, the lack of any subsequent medical evidence reflecting a worsening condition defeats the argument that the physical opinion evidence was stale.

### 4. Other Limitations and Physical Limitations

Finally, plaintiff argues throughout that the RFC determination fails to adequately account for limitations suggested by the record, including accommodations for her "episodic" symptoms such as off-task or absentee percentages. [9-1] at 19-21, 23-28.

Again, the inquiry on appeal from a denial of social security benefits is limited. See Cichocki, 729 F.3d at 177 ("[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence").

"In reviewing the denial of SSI benefits, [the court] must determine whether the SSA's decision was supported by substantial evidence and based on the proper legal standard, keeping in mind that it is up to the agency, and not this court, to weigh the conflicting evidence in the record." Clark v. Commissioner of Social Security., 143 F.3d 115, 118 (2d Cir. 1998). Courts accordingly "defer to the Commissioner's resolution of conflicting evidence". Cage v. Commissioner of Social Security, 692 F.3d 118, 122 (2d Cir. 2012); *see also* Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("[g]enuine conflicts in the medical evidence are for the Commissioner to resolve").

Plaintiff suggests that additional functional limitations, such as absentee of off-task percentages, were warranted by the evidence. The evidence cited by plaintiff is primarily her own testimony and self-reported symptoms. While this evidence may be properly considered, it may also be properly disregarded if it is found, as here, to be inconsistent with the treatment and medical evidence of record. [6] at 15-16; *see, e.g.*, Mark R. v. Commissioner of Social Security, 2023 WL 2399622, *10 (W.D.N.Y. 2023) ("the ALJ was not required to accept Plaintiff's testimony concerning his ability to ambulate where, as here, he found that Plaintiff's subjective complaints were 'inconsistent with the medical record in general'").

As it stands, the medical evidence of record demonstrates no more than mild-to-moderate limitations with respect to both mental and physical functionality. [6] at 18. These limitations are generally accounted for by the RFC restrictions to light work and simple, routine tasks. *See* supra at 9 (regarding mental restrictions); Lisa B. v. Commissioner of Social Security, 2022 WL 6735016, *10 (N.D.N.Y. 2022) (collecting cases regarding physical restrictions accommodated by light work). In the absence of any credible record evidence demonstrating some unaccounted-for functional limitation, there is no basis for remand.

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings [10] is granted, and plaintiff's motion [9] is denied.

**SO ORDERED**.

Dated: March 31, 2023

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
